UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAYNA LILLY,

    Plaintiff,

CASE NO.:

vs.

ELITE COMMUNICATIONS,
INC., AND BYRAM SMITH,
INDIVIDUALLY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAYNA LILLY, by and through the undersigned attorney, sues the Defendants, ELITE COMMUNICATIONS, INC., and BYRAM SMITH, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff worked as a technician for Defendant from approximately August 2011 to June 21, 2013.

3. Defendant, ELITE COMMUNICATIONS, INC., is a Georgia Corporation with its headquarters in Rockdale County, Georgia and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, BYRAM SMITH was an individual resident of the State of Georgia, who owned and operated ELITE COMMUNICATIONS, INC., and who regularly exercised the authority to: (a) hire and fire employees of ELITE COMMUNICATIONS, INC.; (b) determine the work schedules for the employees of ELITE COMMUNICATIONS, INC.; and (c) control the finances and operations of ELITE COMMUNICATIONS, INC.  By virtue of having regularly exercised that authority on behalf of ELITE COMMUNICATIONS, INC., BYRAM SMITH is an employer as defined by 29 U.S.C. § 201, et seq.

5. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendants, Defendant, ELITE COMMUNICATIONS, INC., earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendants, Defendant, ELITE COMMUNICATIONS, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Included in such goods, materials and supplies were cable receivers, satellite dishes, wires, and supplies, as well as tools and installation materials utilized by technicians which had been carried in interstate commerce.

10. Therefore, Defendant, ELITE COMMUNICATIONS, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

11. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants as a result of daily phone calls which left the state of Georgia, including calls to cable providers.

## FLSA Violations

12.     At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff as an independent contractor and failing to pay him any overtime compensation.

13.     Plaintiff worked for Defendants as a technician whose job was to install cable and satellite systems for Defendants' customers.

14.     Defendants classified Plaintiff as an independent contractor.

15.     Defendants paid Plaintiff on a piece rate / per job basis where Plaintiff was paid for each job completed.

16.     However, the economic realities of the relationship between Plaintiff and Defendants show that Plaintiff should have been classified as an employee.

17.     Plaintiff was forced to sign an "independent contractor agreement" with Defendants, even though he could not negotiate or alter the terms of the contract.

18.     Defendants completely decided what rates to pay Plaintiff and their other technicians, and Plaintiff could not negotiate or change these rates.

19. Defendants also unilaterally deducted amounts from Plaintiff's pay ("chargebacks") without Plaintiff's approval and Plaintiff was powerless to stop this practice.

20. Plaintiff worked full-time with Defendants, and was unable to work for any other company while working with Defendants.

21. Additionally, Defendants had unfettered discretion to hire and terminate technicians at will, and fired Plaintiff here without cause.

22. As a result of these facts, Plaintiff should have been an employee and entitled to overtime compensation.

23. During his employment with Defendants, Plaintiff routinely worked overtime hours but was not paid any overtime compensation in addition to his regular pay he received per job completed.

24. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26. Plaintiff was entitled to be paid overtime compensation for each hour worked in excess of forty (40) per work week.

27. During his employment with Defendants, Plaintiff was misclassified as an independent contractor and was not paid overtime compensation for overtime hours worked.  *See* ¶¶ 12-23.

28. Defendants did not have a good faith basis for their decision to classify Plaintiff as an independent contractor.

29. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DAYNA LILLY, demands judgment against Defendants for unpaid overtime compensation, liquidated

damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 11th day of December, 2013.

>/s/ C. RYAN MORGAN
>C. Ryan Morgan, Esq.
>Georgia Bar No. 711884
>Morgan & Morgan, P.A.
>20 N. Orange Ave., 14th Floor
>P.O. Box 4979
>Orlando, FL 32802-4979
>Telephone: (407) 420-1414
>Facsimile: (407) 245-3401
>Email: RMorgan@forthepeople.com
>Attorneys for Plaintiff