UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**DAYNA LILLY,**

                                                    CASE NO.: 1:13-CV-04088-RWS

      **Plaintiff,**

vs.

**ELITE COMMUNICATIONS,
INC., and BYRAM SMITH,
Individually,**

      **Defendants.**                /

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL
WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, DAYNA LILLY (hereinafter "Plaintiff"), and Defendants, ELITE COMMUNICATIONS, INC., and BYRAM SMITH ("Defendants") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. A copy of the settlement agreement executed between the Parties is attached as **Exhibit "A."**

**I.**    **Legal Principles and Analysis**

Pursuant to the case law regarding settlement of Fair Labor Standards Act ("FLSA") claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of

unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against an employer, which was adversarial in nature. During the litigation and negotiation of the settlement of this action, Plaintiff and Defendants were both represented by experienced counsel.

The Parties agree that the instant action involves disputed issues, including primarily whether Plaintiff was misclassified as an independent contractor, whether a two or three year statute of limitations applied, the number of overtime hours allegedly worked by Plaintiff, and if overtime compensation was owed, whether liquidated damages are appropriate.

Plaintiff, who was a cable technician installing cable and satellite systems for Defendants from August 2011 to June 2013, alleges that he worked overtime hours but was not paid any overtime compensation in addition to his regular pay he received per job completed. Defendant vehemently denies this allegation and contends Plaintiff was at all times properly classified an independent contractor and that his claim fails in its entirety.

Defendants claim to have kept accurate time records which show Plaintiff routinely did not work overtime hours on a weekly basis. Plaintiff contends that

these records are inaccurate since they do not include travel time between jobs, time spent filling out paperwork, and time spent arriving at the office site each morning to pick up equipment and assignments.  However, to resolve this matter, the Parties prepared damage hypotheticals by assuming additional hours per week and calculating the overtime owed (assuming also for settlement purposes that Plaintiff was even entitled to overtime).  For instance, if 10 additional hours were assumed each week of Plaintiff's engagement to account for the travel and paperwork time, then Plaintiff would have been owed $903.32 in overtime compensation and liquidated damages.  If 20 additional hours were assumed each week of the engagement, then Plaintiff would have been owed $6,184.68 in overtime compensation and liquidated damages.

The Parties conducted a conference in preparing the Joint Preliminary Report, exchanged discoverable information informally, and exchanged several offers of settlement.  Plaintiff ultimately accepted Defendant's most recent settlement offer.  Pursuant to the offer accepted, Plaintiff, DAYNA LILLY will receive a total amount of $5,000.00 in damages, and the attorneys' fees and costs will be paid separately.  The Parties agree this is a fair and reasonable settlement in light of Defendants' independent contractor defense, the factual discrepancies between the Parties regarding the number of hours worked, the uncertainties of

trial, and Plaintiff's desire to resolve this matter before trial.

## II. Terms of Settlement

A. **DAYNA LILLY.** The parties have agreed to settle Plaintiff's claims for a total of $5,000.00. After settlement negotiations and analyzing the factual and legal disputes, Plaintiff has agreed to accept the gross sum of $5,000.00 in overtime compensation to resolve his claims in full.

B. **ATTORNEY'S FEES/COSTS.** Plaintiff's counsel will receive $3,500.00, in attorney's fees and costs. The parties have agreed this is a reasonable fee under the circumstances of this case, and was negotiated separately from Plaintiff's recovery and without regard to the amount of Plaintiff's recovery. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

C. Defendants do not admit fault or liability.

## III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice. Attached is a proposed Order for the Court's convenience.

May 12, 2014.

**/s/ C. Ryan Morgan**                  **/s/ TODD H. STANTON**
C. Ryan Morgan, Esq.                Todd H. Stanton, Esq.

| | |
|---|---|
| Georgia Bar No. 711884 | Georgia Bar No.675425 |
| Morgan & Morgan, P.A. | Stanton Law, LLC |
| 20 N. Orange Ave., 14th Floor | 1579 Monroe Drive |
| Orlando, FL 32802-4979 | Suite F206 |
| Telephone:  (407) 420-1414 | Atlanta, GA  30324 |
| Facsimile:   (407) 245-3401 | Telephone: (404) 881-1288 |
| Email: rmorgan@forthepeople.com | E-mail: todd.stanton@stantonlawllc.com |
| ***Attorneys for Plaintiff*** | ***Attorneys for Defendants*** |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**DAYNA LILLY,**

      **Plaintiff,**

**CASE NO.: 1:13-CV-04088-RWS**

vs.

**ELITE COMMUNICATIONS,
INC., and BYRAM SMITH,
Individually,**

      **Defendants.**                    /

## CERTIFCATE OF COMPLIANCE WITH L.R. 5.1B

I HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1b.

                                                 **/s/ TODD H. STANTON**
                                                 Todd H. Stanton

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**DAYNA LILLY,**

        **CASE NO.: 1:13-CV-04088-RWS**

    **Plaintiff,**

vs.

**ELITE COMMUNICATIONS,
INC., and BYRAM SMITH,
Individually,**

    **Defendants.**          /

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2014 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: C. Ryan Morgan, *Attorney for Plaintiff.*

                                      **/s/ TODD H. STANTON**
                                      Todd H. Stanton